## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 30 2015, 11:03 am

CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| John P. Wilson<br>Wilson & Wilson<br>Greenwood, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana<br><br>Jodi Kathryn Stein<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Matthew R. Eden,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | January 30, 2015<br><br>Court of Appeals Cause No.<br>41A05-1405-CR-211<br><br>Appeal from the Johnson Circuit Court |

**Pyle, Judge**

## Statement of the Case

[1] Appellant/Defendant, Matthew R. Eden ("Eden"), appeals the trial court's revocation of his probation and imposition of his previously suspended sentence after he violated his probation for his conviction of Class C felony possession of

a controlled substance. On appeal, Eden argues that the trial court should have allowed him to serve the remainder of his sentence on work release because he had completed a majority of his probation successfully, was gainfully employed, and had a wife and children to support. We conclude that the trial court did not abuse its discretion in ordering Eden to serve his previously suspended sentence where Eden violated his probation by consuming drugs and failed to take advantage of the alternatives to incarceration granted to him in the past.

We affirm.

# Issue

Whether the trial court abused its discretion in ordering Eden to serve his previously suspended sentence after he violated his probation.

# Facts

On September 13, 2010, Eden pled guilty to Class C felony possession of a controlled substance. On January 28, 2011, the trial court entered a judgment of conviction and sentenced him to four years suspended to probation with home detention.[1] The trial court also ordered Eden to attend some sort of outpatient treatment program with Johnson County Alcohol and Drug Services.

---

[1] Eden did not include a copy of the trial court's sentencing order in his Appellant's Appendix.

[5] Shortly thereafter, Eden requested a modification of his sentence. On July 18, 2011, the trial court granted the modification, stayed the home detention component of Eden's sentence, and placed him on probation with an added condition of ninety days of daily reporting and payment of outstanding Community Corrections fees. Thereafter, on January 12, 2012, the trial court held a modification status hearing and waived Eden's home detention requirement.

[6] Subsequently, on August 27, 2013, the Johnson County Probation Department filed an "Original" petition to revoke Eden's probation.[2] (App. 13). On November 21, 2013, the trial court held an initial hearing, and Eden denied violating the conditions of his probation. The trial court then set the fact-finding hearing for February 10, 2014.

[7] On February 10, 2014, the State and Eden appeared for the hearing. Upon Eden's motion for a continuance, the trial court reset the hearing for April 21, 2014.

[8] In the meantime, on February 19, 2014, the Johnson County Probation Department filed an amended petition to revoke Eden's probation, alleging that Eden had failed to: report to the probation department at any time; submit to a substance test within a reasonable time period and pay the associated fees;

_____

[2] Eden did not include a copy of this original revocation petition in his Appendix; therefore, the specific allegations of probation violations are not in the record on appeal.

follow the rules set forth by community corrections for his program; obtain a G.E.D.; and abstain from consuming or possessing any intoxicating beverage or any drug not prescribed by a physician. The probable cause affidavit attached to the amended petition alleges that Eden had: overdosed on heroin on February 10 and February 12, 2014 and required hospitalization; failed to appear for a drug screen on February 12, 2014; and admitted to his probation officer that he had overdosed on heroin twice in one week.[3]

[9] During a hearing on March 3, 2014, Eden was "sworn" and waived a formal initial hearing on the amended revocation petition.[4] (App. 15). On April 10, 2014, the trial court held another hearing. At the beginning of the hearing, the trial court stated that "having found that [Eden was] in violation of the terms and conditions of [his] probation[,]" it would therefore "entertain any sentencing evidence [Eden] wish[ed] to present[.]" (Tr. 1). Eden then testified that he was employed and had children that depended on him. As a result, he requested to be placed on work release so that he could provide for his family.

[10] At the conclusion of the sentencing hearing, the trial court stated that it was the court's "continuing conclusion that [Eden] ha[d] a drug issue[,]" and it ordered Eden to serve the remainder of his previously suspended sentence in the

---

[3] Eden included the probable cause affidavit in his Appendix and makes no argument that it was not considered by the trial court as part of his probation revocation proceeding.

[4] In his Notice of Appeal, Eden did not request that this March 2014 hearing be transcribed; thus, it is not included in the record on appeal.

Department of Correction. (Tr. 5). However, the trial court recommended that Eden be placed in a therapeutic program, "Purposeful Incarceration[,]" and it stated that it would consider a modification of Eden's sentence upon his completion of the program. (App. 18). Eden now appeals.

# Decision

[11] On appeal, Eden does not dispute the revocation of his probation; instead, he argues that the trial court abused its discretion in ordering him to serve his previously suspended sentence because he had completed a majority of his probation, was gainfully employed, and had a wife and children.

[12] Pursuant to INDIANA CODE § 35-38-2-3(g),

> if the court finds that the person has violated a condition [of probation] at any time before termination of the period, and the petition to revoke is filed within the probationary period, the court may impose one (1) or more of the following sanctions:
>
> (1) Continue the person on probation, with or without modifying or enlarging the conditions.
>
> (2) Extend the person's probationary period for not more than one (1) year beyond the original probationary period.
>
> (3) Order execution of all or part of the sentence that was suspended at the time of initial sentencing.

[13] As our Indiana Supreme Court has noted, "[p]robation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled."

*Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). "Once a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed" upon a violation of that probation. *Id.* "If this discretion were not afforded to trial courts and sentences scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants. *Id.* Accordingly, we review a trial court's sentencing decision in a probation revocation proceeding for an abuse of discretion. *Id.* A trial court has abused its discretion where its decision is clearly against the logic and effect of the facts and circumstances before it. *Id.*

[14] Here, Eden was placed on probation after being convicted for possession of a controlled substance. Despite being placed in a drug treatment program during probation, Eden overdosed on heroin twice in one week. As a result, the trial court explained in its sentencing statement that "[u]ltimately it is my continuing conclusion that you have a drug issue." (Tr. 5). Moreover, as the State noted during the hearing, Eden had already been shown leniency in the past when the trial court modified his original sentence and allowed him to serve time on probation. Yet, the trial court also noted in its sentencing order that Eden could potentially request another modification after completing a therapeutic program in the Department of Correction. In light of all of these factors, we conclude that the trial court did not abuse its discretion in ordering Eden to serve the remainder of his previously suspended sentence.

[15]

[16] Affirmed.

Barnes, J., and May, J., concur.